IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONNIE BAKER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12–cv–0289–MJR |
| | ) |
| **B. KACZMARCZYK, UNNAMED** | ) |
| **OWNER OF B. KACZMARCZYK, ALL** | ) |
| **EMPLOYEES OF B. KACZMARCZYK,** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM & ORDER

**REAGAN, District Judge:**

Plaintiff Donnie Baker, currently incarcerated at Illinois' Centralia Correctional Center, has invoked 42 U.S.C. §1983 and brought this *pro se* false advertising action to federal court. Baker is suing B. Kaczmarczyk, an Ohio company whom he alleges promised to send him a list of 100 female pen-pals but instead kept Baker's $10 payment. In his plea for relief, Baker asks for $20,000 in damages, and indicates he would also like to sue the owner and employees of B. Kaczmarczyk.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. On review, the court shall identify cognizable claims or dismiss any portions of the complaint that are frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant with immunity. **28 U.S.C. § 1915A(b)**. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff Baker has failed to articulate a colorable federal cause of action. To state a claim under § 1983, the moving party must demonstrate that the defendant deprived him of a right secured by the Constitution and that in doing so the

defendant acted under color of state law.  ***White v. City of Markham*, 310 F.3d 989, 997 (7th Cir. 2002).**  Plaintiff Baker has demonstrated neither: he has not asserted that Defendant violated any Constitutional right (an assertion that would in any event be frivolous), or that Defendant (presumably a private company) was acting under the color of state law.  Plaintiff may have a claim in state court, but because Section 1983 affords Baker no relief here, this case will be **DISMISSED** without prejudice.

## DISPOSITION

For the foregoing reasons, this case is **DISMISSED** without prejudice.  The Clerk is **DIRECTED** to enter judgment against Plaintiff Baker and for all Defendants.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of **28 U.S.C. § 1915(g).**

**IT IS SO ORDERED.**
**DATE: <u>August 9, 2012</u>**                                  <u>**/s/ *Michael J. Reagan***</u>
                                                                                                **MICHAEL J. REAGAN**
                                                                                                United States District Judge